The Chief Justice
delivered the opinion of the court.
This is a contest for land claimed by the parties under adverse rights.. The appellee, who was complainant in the circuit court, derives his claim under the following entrv:_
“1780, May 18th — David Griffith enters 7COO acres on “the head waters of the first creek on the south side of “Kentucky, above Drenning’s lick creek, about 12 miles “from Drenning’s lick, along a buffaloe road, to begin where «the road crosses the first branch of said creek, and to ex- *611 iftend southwardly along said road for quantity.” — Of itiis entry there was a withdrawal made on the 26th of November, 1786, of 1840 acres, being, as is expressed in the withdrawal, “that part thereof included in Richard “Barret’s pre-emptions, as assignee of George Latimore “and Samuel Potter.”
, ,,,⅛ i of a part of an entry sh’d j^® tlle re‘ sed "of°such certainty as u nsce»sary a va|¡,j orig¡. nal entry— par twit h-be^o'defineil as tobe found reason-
drawal" is of interfer-ciaim’havinc been previ-¡je’some reY-son to sup-leftdi'e'resi-due «main to a reasonable intent, alitcr if the interference withdrawn is formed by an unpa (en ted survey or an invalid entry.
*611 Drenning’s lick was, at the date of the origirial entry in this case, a place of great notoriety, and there could have been no doubt as to the first creek on the south side of Kentucky, above Drenning’s lick creek. There are two bufia-loe roads shewn to have crossed the waters of that creek; but we apprehend that a subsequent locator, having a general acquaintance with the geography of that part of the oountry, would have had no difficulty in selecting the road on which the survey of Griffith’s entry has been made, as the one intended by the entry. We should therefore have had but little hesitation in sustaining the entry as originally made; but the subsequent withdrawal of a part thereof presents it in a new and very different aspect.
Latimore and Potter had each of them a pre-emntion surveyot 1000 acres, made several years prior to the drawal, and both those surveys had been assigned to Baird, but the certificates of the surveys contain no description w.hich could enable a subsequent locator to have found the ground occupied by them. Nor is the proof in the cause sufficient to shew that the surveys, as a matter in pais, had become generally known to those conversant in their vi'einity; and we cannot admit the correctness of the position contended for by the appellee’s counsel, that the mere tiiication of the part of the entry withdrawn, is sufficient, The withdrawal must operate as a modification or alteration of the original entry, so far as to require the part of the entry to bind upon the part withdrawn; and thus considered, there was certainly the same necessity of describing the part withdrawn, so that it might, with sonable diligence, have been found by a subsequent locator, as there would be in so describing it by an original entry calling for the boundary of the part withdrawn.
Tbe two cases stand upon like reason, and must be subject to the like rule. There would, indeed, have been some room to distinguish this case from that of an original entry witb such a call, if it had been shewn that the land from which the entry was withdrawn had been appropriated by ihe pre-emptions of Latimore and Potter, and this must be *612 admitted to be done as to Potter’s pre-emption, for the patent is produced and bears date prior to the withdrawal; but it is not shewn that the part covered by Latimore’s survey was appropriated at the date of the withdrawal; for the entry is not attempted to be established. The survey, according to repeated decisions of this court, was no appropriation, and the patent does not appear to have issued.
Hardin for appellant, Pope and Talbot contra,
So much, therefore, of the withdrawal as was covered by Latimore’s survey, was, by the withdrawal, left vacant and liable to be appropriated by others. Consequently subsequent locators had the same, interest in knowing where it was, as they had in knowing what was the adjacent residuum in the case of an original entry, and of course there was the same necessity for certainty of description.
It is true that it is implied by the terms of the withdrawal, that the surveys of Latimore aud Potter were to be found within the bounds of the original entry; but it must be recollected that the entry is one of 7000 acres, and to require a subsequent locator to search in an area of such extent for surveys, not possessing any particular marks of distinction, would, in our opinion, be unreasonable.
The entry, therefore, must be deemed invalid, and consequently the decree of the circuit court sustaining the complainant’s claim, is erroneous.
The decree reversed with costs, and the cause remanded, that the bill may be dismissed with costs.